

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CLIFFORD BANKS, | )<br>)<br>) |
| Petitioner, | ) No. 04 C 6578 |
| v. | )<br>) Judge Ronald A. Guzmán |
| LARRY SIMS, Warden, Logan Correctional Center, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Clifford Banks has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction. For the reasons set forth below, the petition is denied and this case is dismissed.

## Procedural Background

On August 3, 2000, Banks was convicted of aggravated kidnaping and unlawful restraint following a jury trial. (Gov't Ex. B, Trial Tr. at E-88.) On August 30, 2000, Banks was sentenced to forty-five years imprisonment. (Gov't Ex. D, Sentencing Tr. at F-12.) On September 12, 2000, Banks' motion to reduce the sentence was denied. (Gov't Ex. F, Mot. Reduce Sentence Tr. at G-5.)

Banks appealed to the Illinois Appellate Court arguing that: (1) the evidence was insufficient to sustain his aggravated kidnaping and unlawful restraint convictions; (2) the judge erroneously instructed the jury that Banks would have to be retried if they did not reach a verdict; (3) the judge failed to inquire into the reservation about the verdict one juror expressed during polling; (4) the unlawful restraint conviction is invalid because it arises from the same physical act as his aggravated

kidnaping conviction; and (5) the sentencing order should be amended to correctly reflect his convictions. (Gov't Ex. H, Pet'r's Br., *People v. Banks*, No. 1-00-3709.)

On May 16, 2003, the appellate court decided the case but, on June 27, 2003, it withdrew the opinion. (Gov't Ex. K, *People v. Banks*, No. 1-00-3709, 2003 WL 21146726 (Ill. App. Ct. May 16, 2003).)

On June 25, 2003, Banks filed a petition for leave to appeal to the Illinois Supreme Court, raising the same arguments he made to the appellate court. (Gov't Ex. L, Pet. Leave Appeal, *People v. Banks*, No. 96495.) On October 7, 2003, the Illinois Supreme Court denied the petition. (Gov't Ex. M, *People v. Banks*, No. 96495 (Ill. Oct. 7, 2003).)

On October 10, 2003, the Illinois Appellate Court affirmed the conviction for aggravated kidnaping, reversed the conviction for unlawful restraint and corrected the sentencing order. (Gov't Ex. N, *People v. Banks*, 799 N.E.2d 503 (Ill. App. Ct. 2003).)

## Discussion

Banks raises the same claims in this proceeding that he presented to the Illinois Appellate Court, that: (1) the evidence was insufficient to sustain the aggravated kidnaping and unlawful restraint convictions; (2) the judge erroneously instructed the jury that Banks would have to be retried if they did not reach a verdict; (3) the judge failed to inquire into the reservation about the verdict one juror expressed during polling; (4) the unlawful restraint conviction is invalid because it arises from the same physical act as his aggravated kidnaping conviction; and (5) the sentencing order should be amended to reflect accurately his convictions.

Banks' claims relating to the unlawful restraint conviction can be easily dispatched. Banks says that conviction is infirm because there was insufficient evidence to sustain it and it arises from

the same physical act as the aggravated kidnaping conviction. The appellate court agreed with the latter argument and reversed the conviction. *See Banks*, 799 N.E.2d at 508. Because Banks has already received the relief he seeks, reversal of the unlawful restraint conviction, his claims relating to that conviction are moot. *See A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) ("Federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." (quotations omitted)).

Banks also prevailed in state court on his claim to correct the sentencing order. *See Banks*, 799 N.E.2d at 510. Thus, that claim is moot as well. *A.M.*, 360 F.3d at 790.

Banks' remaining claims, that there was insufficient evidence to sustain the kidnaping conviction, that the judge improperly told the jury that Banks would have to be retried if they did not reach a verdict and that he improperly handled the jury poll, are live controversies. But Banks is entitled to habeas relief only if he demonstrates that the state court proceedings on these claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 24 U.S.C. § 2254(d)(1). The "contrary to" clause of section 2254(d)(1) applies only to questions of law. *Lindh v. Murphy*, 96 F.3d 856, 868-69 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). It requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' that prevails." *Id.* at 869 (quoting section 2254(d)(1)). The "unreasonable application" clause of section 2254(d)(1) applies to mixed questions of law and fact. *Id.* at 870. It "restricts the grant of collateral relief to cases in which the state's decision reflects 'an unreasonable application of' the law" to the facts. *Id.* (quoting section 2254(d)(1)). Issues of fact

are governed by section 2254(e)(1), which provides that a state court's factual determinations "shall be presumed to be correct" unless they are rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**Insufficient Evidence**

Banks can prevail on his insufficient evidence claim only if no reasonable fact finder could have found Banks guilty beyond a reasonable doubt of kidnaping from the evidence adduced at trial. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). Sufficiency of the evidence claims are mixed questions of law and fact. *Gomez v. Acevedo,* 106 F.3d 192, 199 (7th Cir.), *vacated on other grounds sub nom. Gomez v. DeTella,* 522 U.S. 801 (1997). Thus, Banks is entitled to habeas relief only if the state court's determination that there was enough evidence to convict him of aggravated kidnaping was an unreasonable application of Supreme Court law to the presumptively correct facts found by the court.

Banks committed aggravated kidnaping under Illinois law, if he knowingly

> (1) And secretly confine[d] another against his will, or (2) by force or threat of imminent force carrie[d] another from one place to another with intent secretly to confine him against his will, or (3) by deceit or enticement induce[d] another to go from one place to another with intent secretly to confine him against his will

and the victim was less than thirteen years old. 720 ILL. COMP. STAT. 5/10-1(a), 5/10-2.

Banks claims that there was insufficient evidence to sustain the secret confinement element of the offense. The state court agreed that no secret confinement had been proved but said that omission was irrelevant because proving secret confinement was only one way of securing a kidnaping conviction:

> [O]ur analysis of the statute brings us to a different result. The *Sykes* court only looked at the first part of the statute which states that a kidnaping occurs when a

4

person knowingly and secretly confines another against his will. The *Sykes* court did not address the statute in its entirety, specifically paragraphs 10-1(a)(2) and (a)(3). These portions of the statute provide that a kidnaping occurs when a person knowingly by force or threat of imminent force carries another from one place to another with intent secretly to confine him against is will, and further that a kidnaping occurs when a person, knowingly, by deceit or enticement induces another to go from one place to another with intent secretly to confine him against his will.

*Banks*, 799 N.E.2d at 506 (citations omitted).

Moreover, the court found that there was ample evidence that Banks had the requisite intent. *Id*. The court found that Banks had approached the victim in an alley and offered him money to clean out a garage further down the alley, that Banks then grabbed the victim's arm and started dragging him toward a gangway and that Banks ran off when an acquaintance of the victim intervened. *Id*. From these facts, the Court concluded that the government had proved beyond a reasonable doubt that Banks had the intent secretly to confine the victim. *Id*.

Banks has made no attempt to rebut the presumptively correct facts found by the court. That leaves only the court's legal conclusion, that a kidnaping conviction can be secured without proof of secret confinement, as a basis for collateral attack. However, even if the state court's interpretation of the statute was wrong, which is extremely unlikely given the statute's plain language, a state court's erroneous interpretation of state law is not basis for habeas corpus relief. *Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988) ("'A federal court may not issue the writ on the basis of a perceived error of state law.'" (quoting *Pulley v. Harris*, 465 U.S. 37, 41(1984)).

Banks also contends there was insufficient proof that he carried or induced the victim to go from one place to another by force, threat of force, deceit or inducement ("asportation element"), because he moved the victim only a few feet down the alley and the entire event lasted only a few minutes. Banks made the same argument to the state court which, after reviewing other Illinois cases, said:

5

> According to the evidence here, the asportation lasted only a few minutes. However, this does not preclude kidnaping. The victim indicated in a photograph that he was dragged approximately ten feet down the alley. He also testified that he 'dug his feet into the ground' and that he was not able to get free from the defendant. This testimony clearly establishes that the defendant held the victim against his will and that asportation occurred. Moreover, the asportation was not inherent to a separate offense and the asportation created a significant danger to the victim independent of that posed by a separate offense. We find that this is sufficient evidence of the asportation element of kidnaping.

*Banks*, 799 N.E.2d at 508.

Once again, the presumptively correct facts found by the court stand unrebutted. The only question, then, is whether the court's conclusion that asportation was proved is an unreasonable application of the *Jackson* standard to those facts. *See Jackson*, 443 U.S. at 319. The answer is no. Given the undisputed evidence – that Banks offered the victim money to clean out a garage down the alley, that Banks started to walk down the alley with the victim and then grabbed the victim's arm and dragged him down the alley while the victim struggled to get free – the state court's finding that an asportation had been proved beyond a reasonable doubt was entirely reasonable. That finding does not, therefore, provide any basis for habeas relief.

### **Erroneous Instruction to Jury**

Banks also argues that his kidnaping conviction is invalid because the trial judge gave a jury deadlock instruction that violated Illinois law. As noted above, however, a violation of state law is not a basis for habeas relief. *Thieret*, 846 F.2d at 459.

Banks fares no better if we construe his claim as one for violation of due process; that is, that the judge's instruction coerced the jury into reaching a unanimous verdict. *See Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988). When the jurors told the judge they could not agree on verdicts, he instructed them as follows:

6

> Ladies and Gentlemen, I'll do as follows: you understand, of course, if I discharge you at this point, this case will be retried and another twelve citizens will have to listen to the evidence and decide whether or not the state has proven the defendant guilty beyond a reasonable doubt or not. In order to attempt to avoid that, I'll do as follows, I'll give you the following instruction.
>
> The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous. It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourselves, but do so only after an impartial consideration of all the evidence with your fellow jurors.
>
> In the course of your deliberations, do not hesitate to examine your own views and to change your opinion if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning verdicts. You are not partisans. You are judges of the facts. Your sole interest is to ascertain the truth from the evidence in this case.
>
> With that instruction, I'd ask you to please retire again and continue your deliberations.

(Gov't Ex. B, Trial Tr. at E-85-86.) Banks contends that the first paragraph renders the entire charge coercive.

It is not clear whether the coerciveness of a jury charge is an issue of law or a mixed issue of law and fact. *See Schaff v. Snyder*, 190 F.3d 513, 536 (7th Cir. 1999) (stating that state court's decision that charge was not coercive was neither "contrary to or an unreasonable application of" established Supreme Court law); *Lindh*, 96 F.3d at 868-69 (stating that the "contrary to" clause of section 2254(d)(1) applies to questions of law and the "unreasonable application" clause applies to mixed questions of law and fact). In the end it does not matter because the state court's decision passes muster under either standard.

The Supreme Court instructs lower courts to determine whether a jury charge is coercive by considering the charge "in its context and under all the circumstances." *Lowenfield*, 484 U.S. at 237

7

(quotation omitted). The state court did just that. It considered the fact that the jury did not reach a verdict on one of the three counts, the child abduction charge, even after the court gave it the disputed instruction and that the jury's verdict on the unlawful restraint charge was reversed for other reasons. *Banks*, 799 N.E.2d at 509. As a result, the court noted, it was left to consider the instruction's impact solely on the kidnaping charge. *Id.* In that context, and under "the totality of the circumstances," the court concluded that "the comments of the trial judge did not overly coerce the jury so as to prejudice the defendant." *Id.* Because the state court applied the controlling Supreme Court standard and did so reasonably, Banks would not be entitled to habeas relief on his jury charge claim even if he had framed it as a due process challenge.

### Jury Poll

Banks' last claim is that his kidnaping conviction is invalid because the judge violated Illinois law by refusing to allow a juror to discuss his present state of mind after he expressed reservation about the verdict during the jury poll. As noted above, a violation of state law is not a basis for habeas relief. *Thieret*, 846 F.2d at 459.

Banks also argues, however, that the judge's questions violated due process because they coerced the juror into espousing a verdict he did not share. The exchange between the court and the juror was as follows:

> THE CLERK: Adam Khan, K-h-a-n, was that your verdict then, and is this your verdict now?
> JUROR KHAN: No.
> THE COURT: This is not your verdict?
> JUROR KHAN: No, it is my verdict. It wasn't my verdict before.
> THE COURT: Was this and is this now your verdict?

8

JUROR KHAN: Yes.
THE COURT: Okay.

(Gov't Ex. D, Trial Tr. at E-89.) The Illinois Appellate Court concluded that Juror Khan had not expressed reservation about the verdict, rather he had merely explained that "the verdict was not his verdict before but that it [was] his verdict now." *Banks*, 799 N.E.2d at 509.

Banks has not identified and the Court could not find, any Supreme Court case that deems an exchange like the one above to be a violation of due process. Further, to the extent this claim, like coercive jury instruction claims, is governed by *Lowenfield*, it cannot succeed. The state court did as *Lowenfield* instructs. The court considered the exchange in its entirety, and came to the conclusion that Juror Khan was explaining the process of reaching his verdict, *i.e.*, that he ultimately concluded Banks was guilty though that had not been his belief at all times during the deliberations, rather than disavowing the verdict. That eminently reasonable conclusion provides no basis for habeas relief.

### Conclusion

For the reasons set forth above, Banks' petition for a writ of habeas corpus [doc. nos. 1, 8] is denied and this case is dismissed with prejudice.

**SO ORDERED.**

ENTERED: 3/31/06

HON. RONALD A. GUZMAN
United States District Judge

9